JOHN Le BOUTILLIER AND CHARLES Le BOUTILLIER, APPELLANTS, *v.* JOSEPH W. FISKE, RESPONDENT.

*Action for goods furnished to a wife — in an action against the husband therefor, evidence that the parties have separated is competent — effect of such separation, with an allowance to the wife, upon the husband's obligations — the testimony of an interested witness may be disregarded.*

APPEAL from a judgment entered on a verdict at the New York Circuit, and from an order denying a motion for a new trial.

In this suit the plaintiffs sought to recover the purchase-price of certain articles of clothing sold to Caroline E. G. Fiske, the defendant's wife, on her husband's credit. At the time of the sale in December, 1885, Mrs. Fiske had been separated from her husband for a number of years, during which period he provided for her support and the support of the children of the marriage, who lived with her, by sending a check every week for the living expenses, and a check each autumn and spring for the purchase of clothing, and, also, by paying the bills of the physician and dentist, and the school bills of the children.

After discussing some other questions the court at General Term said : " But two exceptions are discussed in the brief of counsel for the appellants. These remain to be considered. The first relates to the admission of evidence showing that the defendant had separated from his wife. The objection to this proof was properly overruled. In the absence of the evidence thus received, the jury might well have assumed that the husband and wife were living together, in which case the presumption would ordinarily arise that he had assented to such purchases as would properly and naturally be made by the wife in the conduct of the affairs of the family. (*Keller* v. *Phillips*, 39 N. Y., 351, 354.) But where there has been a separation, a party suing the husband for goods sold to the wife must show not only that the articles were necessaries, but also that the husband did not provide suitably for the wife's support. (*Cromwell* v. *Benjamin*, 41 Barb., 558.)

" The appellants, however, deny that this rule applies, unless the seller has notice of the separation. There was no proof in the

present case that the plaintiffs had any knowledge or information of the fact that Mr. and Mrs. Fiske were living apart. Hence it is insisted that the only question for the jury was whether the articles purchased were necessary and proper for the support of the wife and children, irrespective of the provision made for them by the husband.

The second of the exceptions argued in the appellant's brief relates to the refusal of the trial judge to instruct the jury in accordance with this view.

" In the case of *Baker* v. *Barney* (8 Johns, 73), it is said that 'if the husband and wife part by consent, and he secures to her a separate maintenance, suitable to his condition and circumstances in life, and pays it according to agreement, he is not answerable even for necessaries; and the general reputation of the separation will, in that case, be sufficient.' A general reputation of the separation can very well be inferred in the present case from the testimony of Mrs. Fiske to the effect that her husband deserted his family six years before the trial, and has ever since refused to live with them. Such an occurence must have become known to almost every one acquainted with the family long before the transaction with the plaintiffs, which is the subject of litigation here. It would naturally, if not certainly, be a matter of common repute in the society in which they moved, since the evidence indicates that the husband resided in one part of the city of New York and his wife and children in another. Under these circumstances no further notice to the plaintiffs was necessary.

Finally, the appellants complain that the trial judge charged the jury in effect that they were at liberty to disregard the evidence given by Mrs. Fiske, who testified in their behalf. After recapitulating some of the testimony given by that witness, the judge began a new sentence with the words : ' It is for you to say whether you believe this statement.' No exception was taken to this portion of the charge, but even if the plaintiffs had excepted, I should not be prepared to hold that any error was committed by the judge in making the remark in question. Mrs. Fiske was an interested witness whose testimony the jury were not bound to believe.

"I think the judgment and order appealed from should be affirmed, with costs."

*S. R. Ten Eyck*, for the appellants.

*John Brooks Leavitt*, for the respondent.

Opinion by Bartlett, J.; Van Brunt, P. J., and Daniels, J., concurred.

Judgment and order appealed from affirmed, with costs.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respond-
ent, *v.* JOHN McGRATH, Appellant.

*Right of a person, struck by another, to beat the latter — it must be shown that the beating was necessary for the defense and protection of the former.*

Appeal from a judgment of the Court of General Sessions, convicting the defendant of the crime of manslaughter in the second degree.

The defendant was convicted of the crime of manslaughter in the second degree, under section 193 of the Penal Code. The offense was committed in a saloon on the 25th of October, 1886. The defendant was of the age of twenty-three years, while John McKeagney, the person who was killed, was of the age of fifty-four years. Evidence was given upon the trial from which the jury could have found that McKeagney was in conversation with another person in the saloon, and made remarks in the hearing of the defendant which were offensive to him. He then, without any conversation with the deceased, replied in a still more offensive manner to those remarks; and the deceased then said to him, after the remarks had been repeated and the defendant had approached him, "If you say that again, old man as I am, I will strike you." Then the evidence tended to show that the defendant opened his mouth and McKeagney struck him with his fist over the right eye. The defendant testifies that he struck him twice. The proof tended to show that the defendant immediately struck McKeagney with his hand, and then turned around and hit him under the right jaw, knocking him down, and his head struck upon the floor. He struck with so much violence as to fracture his skull, and McKeagney became at once unconscious and remained